Case 1:11-cv-01095-ARR-VVP Document 27 Filed 05/02/12 Page 1 of 4 PageID #: 147

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 2 - 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

DENISE GASTON.,

      Plaintiffs,

-against-

QUEENS PUBLIC LIBRARY,

      Defendants.
-------------------------------------------------------------------- X

11-CV-1095(ARR)(VVP)

NOT FOR PRINT OR
ELECTRONIC
PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

The court has received the Report and Recommendation ("R&R") of the Honorable Viktor V. Pohorelsky, United States Magistrate Judge, set forth in the transcript of proceedings taking place on March 6, 2012. Dkt. No. 20. Judge Pohorelsky electronically filed and served the R&R on March 15, 2012, recommending that this court deny *pro se* plaintiff's request to vacate the settlement agreement entered into between plaintiff and defendant, Queens Public Library, on July 19, 2011, and to vacate the stipulation of discontinuance ordered by this court August 1, 2011. Dkt. No. 21. Plaintiff has filed several letters and motions with the court, which the court construes as timely objections to Judge Poholoresky's R&R. Dkt. Nos. 22, 23, 24. "Within fourteen days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1). Having reviewed the record de novo, the court adheres to Judge Pohorelsky's reasoning and recommendations. Plaintiff's motion to vacate the settlement agreement and reopen the case is therefore denied

### Discussion

Plaintiff, a former employee of defendant, Queens Borough Public Library, filed the

1

instant action alleging claims under Title VII of the Civil Rights Act of 1964. The action was subsequently removed to this court. On July 19, 2011, plaintiff and counsel for defendant reached and executed a settlement agreement, pursuant to which plaintiff was awarded $18,000 and a stipulation of dismissal was signed by both parties. The stipulation was "so ordered" by this court on August 1, 2011. On February 10, 2012, however, plaintiff filed a motion to vacate the settlement and stipulation of discontinuance under Federal Rule of Civil Procedure 60. As grounds for vacating the settlement, plaintiff cites her poor health—she alleges heat stroke and high blood pressure—and financial hardship at the time of the agreement, and now plaintiff seeks additional compensation as well as reinstatement of her employment at the Queens Public Library. I respectfully referred plaintiff's motion to Judge Pohorelsky. After reviewing the record and having observed plaintiff at the settlement conference, Judge Pohorelsky found that plaintiff failed to establish any grounds for vacating the stipulation of settlement. Specifically, Judge Pohorelsky found that plaintiff could not demonstrate any mistake, fraud, duress, or lack of capacity, and that the agreement was not unconscionable. Plaintiff now objects to the R&R, except largely abandons her claim she was coerced to settle due to her poor health at the time the agreement was reached. Instead, plaintiff now cites her financial hardship, stating that her "primary reason . . . . [for seeking to vacate the settlement is] because I was unsatisfied with the $18,000 taxable, monetary amount of the settlement." Dkt. No. 23.

In any event, plaintiff fails to establish any grounds for vacating the settlement agreement previously agreed upon by the parties. The transcript of the settlement conference amply demonstrates that plaintiff knowingly and voluntarily entered into the agreement, and that there was no mistake, duress, or lack of capacity. Transcript of Civil Cause for Conference, dated July 19, 2011, Dkt. No. 14 at 13-18. Indeed, plaintiff's manual changes to the written agreement for

tax purposes demonstrated her understanding and awareness of the terms of the agreement and the nature of the proceedings before Judge Pohorelsky. See Report and Recommendation, Dkt. No. 21, at 16. Plaintiff's present desire for additional compensation in light of her financial hardship cannot justify vacating the settlement agreement. See Powell v. Omnicom, 497 F.3d 124, 129 (2d Cir. 2007) ("[A] settlement remains binding even if a party has a change of heart."); Raghavendra v. Trustees of Columbia Univ., 434 Fed. Appx. 31 (2d Cir. 2011). Finally, the settlement amount of $18,000 for plaintiff's unlawful termination claim was not insubstantial, and the court finds that the terms of the agreement were not unconscionable.

### III. Conclusion

For the reasons set forth above, the court finds that plaintiff's objections lack merit and accepts the recommendations set forth in Judge Pohorelsky's Report and Recommendation dated March 15, 2012. Accordingly, plaintiff's motion to vacate the settlement and stipulation of dismissal is denied.

SO ORDERED.

/s/(ARR)

Allyne R. Ross
United States District Judge

Dated:   May 1, 2011
         Brooklyn, New York

3

SERVICE LIST:

**Plaintiff:**

Denise Gaston
1469 E. 92nd Street
Brooklyn, NY 11236